**In re Martha Louise DIERS, Debtor.**

**William R. DIERS, Plaintiff,**

v.

**Martha Louise DIERS, Defendant.**

**Bankruptcy No. 1–79–02339.**
**Adversary No. 1–80–00112.**

United States Bankruptcy Court,
S. D. Ohio, W. D.

Sept. 17, 1980.

Norman L. Slutsky, Cincinnati, Ohio, for defendant.

John McNally, Cincinnati, Ohio, for plaintiff.

## OPINION

BURTON PERLMAN, Bankruptcy Judge.

Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on December 19, 1979 and received a discharge on April 23, 1980. Plaintiff filed a complaint to determine dischargeability of a debt on March 27, 1980. At pretrial conference, it was agreed by the parties that there was no need for an evidentiary hearing, and that the matter could be submitted for decision by the court on a stipulation of fact. The parties have filed memoranda in support of their respective positions. The Stipulation of Facts entered into by the parties is reproduced in its entirety:

"1. The Decree of Dissolution attached hereto is the Decree between the parties.

2. The only debts that plaintiff and defendant dispute are:

  a. Provident Bank   $2,771.60
  b. Shillito's         $ 456.75

3. The length of marriage between the parties is four (4) years.

4. Plaintiff was employed as a Hamilton County Deputy Sheriff at a salary of $17,526.34 per year at the time of the Decree.

5. Defendant was employed in the Juvenile Court of Hamilton County at a salary of $12,919.14 per year at the time of the Decree.

6. Plaintiff was employed in the same capacity as above on the date of the filing of this proceeding.

7. Defendant was employed as a secretary to J. Scott Wells Co., L.P.A. at a salary of $150.00 per week on the date of the filing of this proceeding."

The evidence presented establishes that the $2,771.40 owed to Provident Bank by debtor is on account of the Buick transferred to debtor in the Separation Agreement. We are not informed as to any collateral on the Shillito indebtedness.

The Decree of Dissolution attached to the stipulation incorporates a Separation Agreement entered into by the parties on April 30, 1979. This agreement provides that: "Husband and Wife agree herein that the wife [defendant in the bankruptcy proceeding] shall be solely and exclusively responsible for the following debts: ..." Eighteen debts are then listed, totalling $8,965.08 (Separation Agreement pp. 4–5). The agreement provides further that: "Husband and Wife further agree that the Husband shall be solely and exclusively responsible for the following debts: ..." fourteen debts are then listed, totalling $15,724.94 (Separation Agreement p. 5).

On these facts, we must decide whether the assumption of debts by defendant, as provided for in the Separation Agreement and the Decree of Dissolution, constitutes "alimony to, maintenance for, or support of" plaintiff within the meaning of § 523(a)(5) of the Bankruptcy Code so as to be a nondischargeable debt in bankruptcy. 11 U.S.C. § 523 in pertinent part provides:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

\* \* \* \* \* \*

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

■ It may be helpful to point out what is *not* at issue in this case. Subsection (B) of section 523(a)(5), although reproduced above and discussed in defendant's memorandum, is not directly applicable to the present case. Subsection (B), in its terms, applies when a debt to a spouse has been "*designated* as alimony, maintenance, or support." (emphasis added). The Separation Agreement and the Decree of Dissolution do not designate, or even refer to, anything as alimony, maintenance or support. Subsection (B) may, however, be relevant in construing subsection (5). Subsection (B) clearly reflects a legislative intent to direct the courts to look behind a designation of alimony and determine the true nature of the liability. The same result should logically occur in the absence of a designation of alimony, i. e., the bankruptcy court should determine the essence of the liability in the absence of a label put upon it by the parties.

■ What is under consideration in this case is not a specific sum ordered to be paid by defendant to plaintiff. Rather, the "debt . . . to a former spouse" is actually a promise by defendant to pay certain debts to creditors (Provident Bank and Shillito's). Section 523(a)(5) however, appears to contemplate this situation. The legislative history indicates that:

[Section 523(a)(5)] will, however, make nondischargeable any debts resulting from an agreement by the debtor to hold the debtor's spouse harmless on joint debts, to the extent that the agreement is in payment of alimony, maintenance, or support of the spouse, as determined under bankruptcy law considerations that are similar to considerations of whether a particular agreement to pay money to a spouse is actually alimony or a property settlement.

H.R.Rep.No.95–595, 95th Cong., 1st Sess. 364 (1977). *Accord* S.Rep.No.95–989, 95th Cong., 2d Sess. 79 (1978), U.S. Code Cong. & Admin.News 1978, pp. 5787, 5865; House Debates 9–28–78 and Senate Debates 10–6–78. This language also imposes upon a bankruptcy court the obligation to determine under federal law, not state law, whether the agreement is actually in the nature of alimony, maintenance or support.

Prior to enactment of the Bankruptcy Code which became effective October 1, 1979, federal courts in interpreting the bankruptcy laws looked to state law to determine whether a liability constituted alimony, maintenance or support. *See, e. g., Nitz v. Nitz*, 568 F.2d 148 (10th Cir., 1977); *In re Waller*, 494 F.2d 447 (6th Cir., 1974); *Melichar v. Ost*, 445 F.Supp. 1162 (D.Md., 1977). Under the new Code, however, federal bankruptcy law will determine whether a liability is alimony, maintenance or support, and this court is not bound by state law.

What constitutes alimony, maintenance or support will be determined under the bankruptcy laws, not State law. Thus, cases such as *In re Waller*, 494 F.2d 447 (6th Cir., 1974) . . . are overruled and the result in cases such as *Fife v. Fife*, 1 Utah 2d 281, 265 P.2d 642 (1952) is followed.

H.R.Rep.No.95–595, *supra* at 364; S.Rep. No.989, *supra* at 79, U.S. Code Cong. & Admin.News 1978, p. 5865. Accord 3 Collier on Bankruptcy ¶ 523.15[1], at 523–108 (15th ed., 1979). *See Pauley v. Spong*, 3 B.R. 619, 1 C.B.C.3d 1104 (Bkrtcy.W.D.N.Y., 1980; *Williams v. Gurley*, 3 B.R. 401, 6 Ct.Dec. 341 (Bkrtcy.N.D.Ga., 1980), relying on *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).

The Bankruptcy Court, under the Code, then, is to make a determination, independent of state law, of whether an agreement

constitutes alimony, maintenance, or support, and the court is to look to the substance of the liability.

Plaintiff urges that the debt owed by defendant to the two creditors here in question is in the nature of alimony, maintenance or support, and therefore is nondischargeable. Implicit in this position is the contention that because, if defendant is discharged of these two debts, plaintiff will have the obligation to pay them, that a potential obligation on the part of plaintiff which arises out of a Decree of Dissolution incorporating a Separation Agreement, amounts to an award of alimony, maintenance or support. The alternative to these obligations being alimony, etc., is that these obligations were settled upon defendant in the Separation Agreement by way of a division of debts. *See Williams v. Gurley, supra.* We reach the conclusion that they are by way of division of debts and therefore dischargeable.

Alimony is an allowance for support and maintenance and it has been said to be a substitute for marital support. 24 Am. Jur.2d 641. In today's climate, it is possible for an award of alimony, support or maintenance to be fixed in favor of either spouse. On the facts before us it is not possible for us to conclude that in entering into the Separation Agreement the parties intended to provide alimony, maintenance, or support to plaintiff in removing from him and assigning to defendant the debt on the Buick. Clearly what was happening instead was that each party was given an automobile, for which he accepted the responsibility for the indebtedness, and as to which it was agreed that the other party would not have to pay the indebtedness. There is nothing whatever in the fact situation which leads one to believe that the parties intended this arrangement with respect to the Buick to be beneficial to plaintiff, as would an award of alimony, maintenance, or support.

Facts independent of the Separation Agreement which support our conclusion are the relative earnings of the parties. In fact, plaintiff husband's earnings were greater than those of defendant, and this relative financial standing makes it unlikely

that the arrangement was intended to give to the husband by the wife something in the nature of marital support. That relative earnings are relevant may be observed in *Woods v. Crabb*, 561 F.2d 27 (7th Cir., 1977); *Williams v. Gurley, supra*; *Waymack v. Beard*, 4 Bankr.Ct.Dec. 1047 (B.J.S.D.Iowa, 1978).

In arguing for a different result, plaintiff urges that the debts of defendant bankrupt to Provident Bank and Shillito's are comparable to an award of attorneys' fees which we have in the past held to be nondischargeable as in the nature of alimony, maintenance, or support. This argument cannot prevail in the present case for the simple reason, that, as we have pointed out above, the award in question was not in the nature of alimony, maintenance, or support. But beyond that the analogy breaks down because an award of attorneys' fees in the Domestic Relations Court commonly is made by the court as an allowance for support and maintenance. In this case, however, there is not an award which creates the present liability, but rather an agreement between the parties.

We find the issues in favor of defendant. The complaint will be dismissed.