**In re Norman A. DAVIAU, Bankrupt.**

**Barbara DAVIAU, Plaintiff,**

v.

**Norman A. DAVIAU, Defendant.**

**Bankruptcy No. 4–80–00565–G.**
**Adv. No. 4–80–0159.**

United States Bankruptcy Court,
D. Massachusetts.

April 1, 1981.

Richard Courtney, Worcester, Mass., for plaintiff.

William Y. Chaika, Cranston, R. I., for defendant.

### MEMORANDUM AND ORDER ON COMPLAINT TO DETERMINE NONDISCHARGEABILITY

PAUL W. GLENNON, Bankruptcy Judge.

On January 14, 1980 a Judgment of Divorce Nisi was entered by the Probate

Court of Worcester County in favor of Barbara Daviau, the plaintiff herein. Said judgment, among other things, provided for the payment of "fifty dollars each and every week for fifty-two consecutive weeks" by the defendant Norman Daviau to Barbara Daviau. The decree did not specify the purpose of the award to the plaintiff.

On September 2, 1980, Norman Daviau filed a petition for relief under the Bankruptcy Code (11 U.S.C. §§ 101, et seq.) and an Order for Relief was entered. On October 9, 1980, his former wife, the plaintiff, commenced this action to have the debt owed to her under the Divorce Decree excepted from discharge in bankruptcy pursuant to Section 523(a)(5). The plaintiff is listed in the defendant's schedules as an unsecured creditor, and the complaint alleges that no payments had been made pursuant to the Divorce Decree. The defendant has filed a Motion to Dismiss the complaint on the grounds that, according to § 523(a)(5)(B), such a debt is dischargeable to the extent that it is not in the nature of alimony, maintenance, or support for the wife.

Originally, this Court requested that the parties obtain a clarification from the Probate Court of its own order, so that the bankruptcy court might better understand the basis for the payments which were ordered. The Court is now in receipt of a written clarification by the Probate Court, which states,

IT IS ORDERED that the Judgment of Divorce Nisi dated January 14, 1980 be clarified to reflect the Court's intent that the $50.00 per week for 52 consecutive weeks was alimony for the plaintiff, Barbara Daviau to be paid by the defendant, her husband, Norman Daviau.

The issues before the Court are twofold:

1. Is the state court's characterization of the payments conclusive upon the federal bankruptcy court?

2. Upon the pleadings, read in the light most favorable to the plaintiff, can the Court determine that these payments were in no way meant to be alimony, maintenance or support for the plaintiff?

As for the first question, it is clear from the cases that the federal bankruptcy law and not state law is determinative of what is alimony, maintenance or support for purposes of construing § 523 of the Code. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 304 (1977), U.S.Code Cong. & Admin. News 1978, 5963; Collier on Bankruptcy (15th Edition 1980), ¶ 523.15. Section 523(a)(5), the replacement section to § 17(a)(7) of the old Bankruptcy Act, was intended to overrule cases such as *In re Waller*, 494 F.2d 447 (6th Cir. 1974), that assumed that state law was controlling on the question of whether a debt qualifies as alimony, maintenance or support. Section 523(a)(5) is an attempt by Congress to establish a new federal standard by which to determine the dischargeability of a debt labeled as "alimony". See, *Matter of Spong*, 3 B.R. 619 (Bkrtcy. W.D.N.Y.1980); *Williams v. Gurley*, 3 B.R. 401 (Bkrtcy. N.D. Ga.1980). This is not to say that questions concerning the underlying relationship creating an obligation of alimony are not questions of state law. *In re Warner*, 5 B.R. 434 (Bkrtcy. D.Utah 1980). Nor, will the bankruptcy courts ignore determinations of the state courts as to the proper characterization of award decrees incident to dissolution of marriages. *In re Pelikant*, 5 B.R. 404 (Bkrtcy. N.D.Ill.1980). Where the clear award of alimony reflects the state court's reasoned position, it is entitled to significant weight by this court. *In re Warner*, supra at 442.

The role a divorce decree should play in the federal court's determination of the dischargeability of a debt is not altogether clear. *In re Warner*, supra at 439. An order in a divorce decree to make periodic payments for a definite duration may either be in the nature of alimony, and therefore nondischargeable, or in the nature of a property settlement, which is dischargeable under either the Act or the Code. *Matter of Spong*, supra.

A review of the case law makes it clear that the bankruptcy court should look beyond the "four-corners of the document"

to determine the precise nature of the award. *In re Warner*, supra at 441; *In re Evans*, 2 B.R. 85 (Bkrtcy. D.Mo.1979). In the case at bar, the Probate Court's clarification does not indicate the basis for its determination that this award is "alimony". The defendant has argued that the award is really in the nature of a property settlement. The record is insufficient at this time for the Court to render judgment either for or against either party on this question. Since the Court's obligation is to determine the essence of the liability in the absence of the label placed on it by the parties, *In re Dieis*, 7 B.R. 18 (Bkrtcy. S.D. Ohio 1980), and such cannot be determined from the pleadings at this time, I am going to deny the defendant's motion to dismiss, and order that the matter be scheduled for further evidentiary hearing. At said hearing, counsel are ordered to come prepared to introduce evidence as to the exact nature of this award, and the substance behind it.