In the Matter of Jack A. WILLET, Debtor.

**Linda L. WILLET, Plaintiff,**

v.

**Jack A. WILLET, Defendant.**

**Bankruptcy No. 1–81–01794.**
**Adv. No. 1–81–293.**

United States Bankruptcy Court,
S. D. Ohio, W. D.

Dec. 23, 1981.

William D. Griffiths, Cincinnati, Ohio, for plaintiff.

Daniel J. Temming, Cincinnati, Ohio, for defendant.

LEONARD C. GARTNER, Bankruptcy Judge.

This cause came on to be heard upon the plaintiff's complaint filed September 17, 1981 to declare the debt of Jack A. Willet, former spouse, to be non-dischargeable, upon the answer of defendant, filed October 30, 1981 as therein alleged; upon the testimony, evidence, and the law:

The decree of divorce entered by the Hamilton County Common Pleas Court on January 12, 1981 provides in paragraph 15 the following:

"that as and for maintenance and support for Plaintiff and the minor child of the parties, that Defendant shall pay and hold Plaintiff harmless as to the following outstanding obligations."

Seven debts are listed. Further, paragraph 16 provides:

"that Plaintiff shall pay and hold Husband [debtor herein] harmless . . ."

Six debts are listed therein. Paragraph 11 obligates defendant to pay attorney fees of $350.00 incurred in the divorce proceeding. Alimony is not provided for in the decree.

Plaintiff seeks a determination of non-dischargeability of the debts in question herein. Both parties agree as to the non-dischargeability of child support payments as they accrue and the current arrearage in the amount of $592.00 owed by the defendant.

■ An obligation to hold an ex-wife harmless as to certain debts is non-dischargeable to the extent that such obligation is actually in the nature of alimony or support. See, *Matter of Sturgell*, 7 B.R. 59, (Bkrtcy.S.D.Ohio, 1980). Generally, an ex-wife is relieved from paying the marital debts to provide her with greater economic security or maintenance.

■ The wording of the divorce decree "for maintenance and support," and the fact that alimony is not provided for in the decree evidences the intention that the obligation be one in the nature of alimony or support.

However, on only one debt in question, Master Charge, are the parties jointly liable. A judgment in the amount of $800.00 was taken against plaintiff herein by the First National Bank for the above debt pursuant to an agreed entry between the parties. A discharge of this debt would derogate further from plaintiff's maintenance and therefore is non-dischargeable. To the extent that the remaining debts in paragraph 15 of the decree are not joint obligations of the parties, or those which involve security held by the plaintiff, they are determined to be dischargeable.

As to the attorney issue, the Court views the award of fees against the ex-husband (debtor herein) to be in the nature of alimony, maintenance and support, and therefore non-dischargeable. See, *In Re Diers*, 7 B.R. 18 (Bkrtcy.S.D.Ohio, 1980); *In Re Hauger*, Bankruptcy No. 1–80–2487 (S.D.Ohio, 1981).

Hence, the Master Charge debt in the amount of $800.00, to the extent that plaintiff is forced to pay it, plus the $350.00 debt for legal fees, and the $592.00 owed for child support presently, and as it continues to accrue are determined to be non-dischargeable.

IT IS SO ORDERED.