In re Robert Gerald HOPKINS, Jr. d/b/a Danny Boy's Lounge, Debtor.

Sandra J. HOPKINS, Plaintiff,

v.

Robert Gerald HOPKINS, Jr., d/b/a Danny Boy's Lounge, Defendant.

Bankruptcy No. 8100686.
Adv. No. 810373.

United States Bankruptcy Court,
D. Rhode Island.

March 12, 1982.

Robert L. daC. Bernard, Warren, R. I., for plaintiff.

Joseph A. Capineri, Pawtucket, R. I., for debtor.

## DECISION DETERMINING DEBTS TO BE NOT IN THE NATURE OF ALIMONY, AND THEREFORE DISCHARGEABLE

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

The issue in this case is whether certain debts assumed by the Debtor according to the terms of a final divorce judgment constitute a nondischargeable liability "in the nature of alimony, maintenance or support" within the meaning of 11 U.S.C. § 523(a)(5).

The Debtor, Robert Hopkins, and the Plaintiff, Sandra Hopkins, were married on June 16, 1973, and were divorced on February 5, 1981. The Family Court Final Judgment, which was entered by agreement of the parties, includes the terms of an earlier consent decree (Plaintiff's Exh. B), and provides that the Debtor "is liable for, shall pay, and shall hold [Sandra Hopkins] harmless from and shall indemnify [Sandra Hopkins] if she becomes liable for the following debts of the marriage to the following creditors: Household Finance Corporation, BankAmericard, Sears Roebuck and Company, Bristol Furniture Company, Inc., Industrial National Bank." (Plaintiff's Exh. A).

The Debtor filed a Chapter 7 petition on August 24, 1981 and among his liabilities listed the debts owed to Household Finance Corporation, Bristol Furniture Company and Industrial National Bank. On November 18, 1981, the Plaintiff filed a complaint to have these debts declared nondischargeable. The Debtor filed a motion for summary judgment, which was denied, and on February 11, 1982, an evidentiary hearing was held on the dischargeability question.

The Plaintiff argues that the debts listed in the Family Court Final Judgment are in the nature of alimony, and, therefore, should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(5). That section provides in part:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

11 U.S.C. § 523(a)(5).

In considering the question of dischargeability of debts assumed by a debtor-spouse in a divorce proceeding, the bank-

ruptcy court must determine whether the order for payment entered by the court having jurisdiction of the divorce case is in the nature of alimony or support (not dischargeable under § 523), or whether said order is in the nature of a property settlement, which would render the debts dischargeable. See H.R.Rep.No.95–595, 95th Cong., 1st Sess. 364 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787; *Warner v. Warner (In re Warner)*, 5 B.R. 434, 6 B.C.D. 788 (Bkrtcy.D.Utah 1980).

For the reasons appearing below, it is the conclusion of this Court that the parties intended the pertinent provision of Plaintiff's Exhibit A to be in the nature of a property settlement, and not alimony.

The Family Court Final Judgment clearly states that the Plaintiff waived alimony. (Plaintiff's Exh. A, paragraph 3). Although such waivers of alimony often appear to be unambiguous, the bankruptcy court may look beyond the decree itself to factors tending to show that the award was actually intended to constitute alimony. See *Daviau v. Daviau (In re Daviau)*, 10 B.R. 201, 202 (Bkrtcy.D.Mass.1981); *Snyder v. Snyder (In re Snyder)*, 7 B.R. 147 (W.D. Va.1980); *Diers v. Diers (In re Diers)*, 7 B.R. 18, 6 B.C.D. 983 (Bkrtcy.S.D.Ohio 1980). The general rule is well stated in Collier as follows:

> [T]he court should hold an evidentiary hearing in order to determine whether the debt is "actually in the nature of alimony, maintenance or support" within the meaning of section 523(a)(5). An agreement between husband and wife may expressly describe an obligation therein as "alimony", but the label is insufficient to make the obligations nondischargeable unless the payment is actually for the support and maintenance of a spouse, former spouse, or child of the debtor. (footnotes omitted).

3 Collier on Bankruptcy ¶ 523.15[5] (15th Ed.)

At the February 11, 1982 hearing, the Plaintiff had the burden of proving that the debts in question are not dischargeable. *Snyder*, 7 B.R. at 149. Sandra Hopkins, however, produced virtually no admissible evidence [1] to show that she was entitled to alimony, or that the debts assumed by the Debtor were in fact in the nature of alimony. In reviewing the scant evidence before me, I see none of the traditional factors which indicate that it was the intention of the parties that the order requiring payment of the debts in question constitute alimony. No long-term payments were contemplated which would terminate upon the Plaintiff's remarriage or death. There are no children of the marriage, and both parties are employed. The debts in question were not specifically incurred for the Plaintiff's living expenses, but were mostly loans incurred jointly by the parties during the marriage. Although the Plaintiff has been awarded the use of furniture purchased on credit from Bristol Furniture Co. (one of the debts in question), Sandra Hopkins testified that she is in fact paying that obligation.

Based upon the entire record, I conclude that neither of the parties intended that the order requiring payments by the Debtor to third party creditors should constitute an obligation in the nature of alimony. This conclusion is further supported by the Debtor's testimony that he agreed to pay the debts in question because these creditors were his personally, and that his agreement to assume those obligations would finally end the protracted divorce proceedings.

Robert Hopkins' assumption of the debts in question constitutes a property settlement and not an agreement in the nature of alimony. Accordingly, the debts in question are discharged, as they do not fall within the § 523(a)(5) exception.

1. The Plaintiff repeatedly attempted to introduce what she considered to be relevant evidence as to these issues (including an offer of proof which was rejected), but the conclusory nature of the answers sought to be elicited required their exclusion even under the most liberal application of the rules of evidence.