In re Terry E. HILEMAN, Debtor.

Andrea FRISBY, Plaintiff,

v.

Terry E. HILEMAN, Defendant.

Adv. No. 1-82-0115.
Related Case No. 1-81-02504.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Nov. 3, 1982.

Vincent A. Sanzone, Middletown, Ohio, for plaintiff.

Clinton D. Boyd, Middletown, Ohio, John A. Garretson, Hamilton, Ohio, for defendant.

## DECISION

BURTON PERLMAN, Bankruptcy Judge.

Defendant in this adversary proceeding, debtor in the related Chapter 7 bankruptcy case, is here being sued by plaintiff, his former spouse. The controversy relates to whether a certain payment required by the Separation Agreement incorporated into the divorce decree, undertaken by defendant to plaintiff, is nondischargeable within the provision of 11 U.S.C. § 523(a)(5), as being to a former spouse for alimony, maintenance, or support.

The parties were married August 23, 1980. Prior to the marriage plaintiff had owned a house which was sold, and from the equity in that house, the parties made a down payment on their marital home. The marriage was of very short duration for the parties separated and on June 22, 1981 signed a Separation Agreement which was incorporated into a Decree of Dissolution. The monthly payments on the house were $610.00 and the Separation Agreement included a paragraph regarding disposition of the house as follows:

"F. Real Estate. The parties hereto agree that the house jointly owned, at 2416 Crystal, Middletown, Ohio, will be listed within 30 (thirty) days of the signing of this agreement. Wife shall be responsible for the listing and selling of the house. Beginning July 1, 1981 the parties will pay one-half of the house payment which is $305.00. Andrea will pay all utilities beginning July 1, 1981. Andrea will have the right to remain in the house until it is sold. Every effort will be made to sell the house at the highest price possible but not below the balance remaining on the loan on the house. Andrea will receive the first $6,000.00 in equity at the time of sale. All other equity will be divided between the parties. Terry will be responsible for the outside maintenance until the time of sale."

At the time of the dissolution both parties were employed as police officers in Middletown, Ohio. Neither party could have afforded to pay the entire house payment alone, and it was this which led to the equitable arrangement regarding house payment, as well as disposition of the proceeds in the event of sale, which is to be found in the Separation Agreement.

Defendant resigned from his job in about September 1981, after the dissolution. He was unable to make his contribution to the house payments as required by the Separation Agreement. Plaintiff listed the house for sale, but received no offers. She was unable to make the whole house payments in the absence of receiving defendant's contribution, and the mortgagee foreclosed on the house. Plaintiff seeks to have declared nondischargeable an alleged indebtedness consisting of the monthly payments which defendant failed to pay beginning September 1, 1981 and continuing until the house was foreclosed upon.

According to the Separation Agreement, defendant was obligated to make payments on the mortgage until the house was sold, and it was contemplated that the parties would jointly make payments to the mortgagee until that occurred. When defendant stopped making payments, that scheme was frustrated, for the plaintiff was unable to

make the whole payment herself. This last fact is for present purposes the most significant of those set forth, for in the absence of payments made by plaintiff on behalf of defendant, no debt obligation running from defendant to plaintiff arose. The obligation undertaken jointly by the parties in the Separation Agreement so far as monthly payments are concerned, was to the mortgagee of the property followed.

Because § 523 speaks of dischargeability of "debt", a debt must exist before the section can be invoked. The evidence showed in this case that there was no debt owing to plaintiff from defendant and the issues must therefore be found in favor of defendant.

Accordingly, the complaint will be dismissed.

The foregoing constitutes our findings of fact and conclusions of law.