In the Matter of Colan WESLEY, Debtor.

Beverly WESLEY, Plaintiff,

v.

Colan WESLEY, Defendant.

Bankruptcy No. 1–83–01490.
Adv. No. 1–83–0520.

United States Bankruptcy Court, S.D. Ohio, W.D.

Nov. 3, 1983.

Carl A. Meyers, Cincinnati, Ohio, for plaintiff.

Walter S. MacKay, Cincinnati, Ohio, for defendant.

## FINDINGS OF FACT, OPINION AND CONCLUSIONS OF LAW

RANDALL J. NEWSOME, Bankruptcy Judge.

This Chapter 7 adversary proceeding is before the Court pursuant to a complaint filed by Beverly Wesley, ex-wife of Colan Wesley, seeking a declaratory judgment that a debt which the debtor owes her is not dischargeable in bankruptcy under 11 U.S.C. § 523(a)(5).

Pursuant to a trial held on October 13, 1983, the Court hereby submits the following Findings of Fact, Opinion and Conclusions of Law:

### Findings of Fact

1. Plaintiff and defendant were married on March 11, 1982, having lived together for two to six months prior thereto.

In July of 1982 the plaintiff and her 8 year old son from a prior marriage left the defendant and moved in with her sister. She subsequently initiated divorce proceedings and on January 26, 1983 a hearing on the complaint was held before Referee Jerry R. McBride. The report of the referee was filed on February 24, 1983, and a decree of divorce in which the Court adopted the referee's report was filed on April 15, 1983. (See Joint Exhibits 1 and 2) It should be noted that no children were born of the parties' marriage.

At the time of the marriage, defendant worked as a welder for Teledyne Precision at an hourly rate of $9. The statement of financial affairs attached to his bankruptcy petition lists his income as $18,000 in 1981 and $17,000 in 1982.

While the testimony of the plaintiff and defendant was in conflict, the Court finds that the plaintiff was unemployed at the time of the marriage, and that she was supporting herself and her son by way of unemployment compensation benefits. Pursuant to her husband's request, plaintiff refused a job offered to her just prior to the marriage, and remained unemployed during the marriage. She secured employment some months after she separated from her husband. Her total income for 1982 was $1500 (Plaintiff's Exhibits 1 and 2).

Plaintiff testified that her marriage to the defendant was not motivated by a need for financial support, and that she was adequately supporting herself at the time of the marriage.

2. Prior to the marriage plaintiff and her son lived in a house trailer in Westchester, Ohio, which she owned free and clear of encumberances. Approximately one month after her marriage to defendant, plaintiff sold the trailer for $9000.

Plaintiff and defendant thereafter purchased a house in Goshen, Ohio, for $34,000. Financing was obtained through the Veterans Administration. The only cash expended for the purchase of the home consisted of $900 for closing costs, which apparently came from the parties' joint checking account.

4. The referee found that of the $9000 realized from the sale of the trailer, $4224.35 was expended on the purchase of a 1979 Harley Davidson motorcycle titled in the name of the defendant; $700 was used to purchase rings; and the remainder was expended for home improvements. Both parties disputed the accuracy of the finding, but neither challenged it by way of an

appeal. Accordingly, the Court credits the referee's finding on this point over the testimony of either the plaintiff or defendant.

5. The defendant also disputes the accuracy of the referee's finding that plaintiff took only $800 out of the joint checking account when she left the defendant. In the absence of documentary evidence to support his claim, we adopt the referee's finding.

6. The referee recommended, and the Court decreed, that defendant retain possession of the motorcycle and regain possession of a 1974 Mustang held by the plaintiff. Defendant was required to pay plaintiff $4200 as lump sum alimony. The marital house was deeded back to the lender in lieu of foreclosure.

## Opinion

The issues presented by dischargeability disputes under § 523(a)(5) are far easier to state than they are to resolve. A major portion of the difficulty stems from the statutory language itself. In essence, the statute states that alimony, maintenance and support obligations arising by agreement or judicial decree are not dischargeable, unless such obligations cannot be viewed as being in the nature of alimony, maintenance or support under the federal common law of bankruptcy. The Bankruptcy court is constrained from acting as a "super divorce court", while at the same time directed to divine the intentions of the parties and the Court at the time the marital dispute was resolved, notwithstanding the language of governing documents.

The difficulty of the assigned task is compounded by the unpleasantness of the subject matter involved. Typically, the rehashing in Bankruptcy Court of an emotional and bitter period in both parties' lives offers little aid in resolving the issues at hand. Through no fault of exceptionally capable counsel on both sides, this case is no exception.

The lack of guidance from the statute and the lack of probative evidence which the Court typically has available to it undoubtedly are the two main reasons for the wealth of case law on this subject.[1]

■ The cases require this Court to make a four-step inquiry. First, the Court must determine whether the debtor actually owes a debt or has an obligation to the ex-spouse. The Court's analysis need proceed no further if it resolves this issue in the negative. *In re Zimmer,* 27 B.R. 132 (Bkrtcy.S.D.Ohio 1983); *In re Hileman,* 24 B.R. 397 (Bkrtcy.S.D.Ohio 1982).

■ Assuming that a debt exists, the Court must then decide "whether the state court or the parties to the divorce *intended* to create an obligation to provide" for alimony, maintenance or support. *In re Calhoun,* 715 F.2d 1103 at 1109 (6th Cir.1983); *In re Diers,* 7 B.R. 18 (Bkrtcy.S.D.Ohio 1983). In making this decision, the substance of the obligation and the circumstances under which it was created must prevail over the labels which the Court or the parties have put upon it. *In re Calhoun, supra* at 1109; *In re Gentile,* 16 B.R. 381, 383 (Bkrtcy.S.D.Ohio 1982). Pertinent circumstantial evidence of the parties intent includes the language of the agreement or decree; whether payments are to be made in a lump sum or over an extended period of time; length of the marriage, and the existence of children born of the marriage; relative earning powers of the parties, both at the time of the divorce and thereafter; age, health, and work habits of the parties; the adequacy of the ex-spouse's support absent payments from the debtor; and evidence of the parties' negotiations. *In re Calhoun, supra* at pg. 1108 n. 7.

■ Next, the Court must determine whether the obligation

"... has the *effect* of providing the support *necessary* to ensure that the daily

---

1. The Court of Appeals for the Sixth Circuit has recently had occasion to summarize and expand upon many of the principles found in the caselaw. While *In re Calhoun,* 715 F.2d 1103 (6th Cir.1983) specifically involved a debt assumption provision in a separation agreement, language of the Court's opinion has general applicability in cases brought under § 523(a)(5).

needs of the former spouse and any children of the marriage are satisfied..."
*In re Calhoun, supra* at p. 1109

If the spouse could not maintain the daily necessities without payment of the obligation, then a finding that the obligation is in the nature of alimony, maintenance or support is warranted. If the facts are to the contrary, then the obligation is dischargeable.

■ If all of the above-stated conditions are met, then the Court should determine whether the amount of the obligation is "manifestly unreasonable" under state law and pursuant to the concept of a fresh start under the Bankruptcy Code. The Bankruptcy Court may discharge so much of the obligation as it finds to be excessive under this standard.

■ When this four-step analysis is applied in this case, we conclude that the defendant/debtor must prevail. While the referee's report and divorce decree impose an obligation upon the defendant to pay $4200 in "lump sum alimony", we find that both the parties and the Court intended this award to be in the nature of a debt repayment, and not alimony, maintenance or support for the plaintiff. First, we find it more than coincidental that the amount of the lump sum award corresponds exactly with the amount of the proceeds from the sale of the trailer which the referee found was expended by plaintiff to purchase defendant's motorcycle.

Second, the award of lump sum alimony as opposed to continuous payments over a long period of time is a clear indication that the award was intended as a property settlement, not as alimony or support. *See, In re Snyder*, 7 B.R. 147, 150 (D.C.W.D.Va. 1980). This conclusion is further supported by the fact that unlike many alimony provisions, there is no provision for the termination of the obligation upon the death or remarriage of the ex-spouse.

Third, the marriage was extremely short in duration, and the Wesleys' had no children.

Finally, while her earning capacity may not be equivalent to that of the defendant's, plaintiff by her own admission was supporting herself and her son adequately prior to marrying the defendant; and there is absolutely no evidence in the record which indicates that she is unable to support herself now.

Our conclusion that the plaintiff has failed to meet her burden as to the second and third parts of the four-part test discussed above obviates the need for further discussion. Based upon the above, we find that the $4200 lump sum alimony award was in the nature of a debt repayment, and accordingly that it is dischargeable under § 523(a)(5). Judgment is hereby rendered in favor of the defendant, and the complaint is dismissed.

### Conclusions of Law

1. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1471(a) and the December 23, 1982 Order of the United States District Court for the Southern District of Ohio re: Operation of the Bankruptcy Court System.

2. Plaintiff has failed to establish by a preponderance of the evidence that a debt owed to her by the defendant is "actually in the nature of alimony, maintenance, or support" and is therefore nondischargeable under 11 U.S.C. § 523(a)(5).

3. It is therefore ORDERED that the debt which defendant owes to plaintiff is determined to be dischargeable, and that judgment be entered in favor of the defendant.

IT IS SO ORDERED.