In re Raymond Lee SANDERS aka Ray Sanders SS # 296–34–1987, Debtor.

Diane S. SANDERS, Plaintiff,

v.

Raymond Lee SANDERS aka Ray Sanders, Defendant.

Bankruptcy No. 3–83–01819.

United States Bankruptcy Court, S.D. Ohio, W.D.

April 24, 1985.

Michael F. Boller, Sidney, Ohio, for plaintiff.

Paul R.F. Princi, Troy, Ohio, for defendant.

Ellis W. Kerr, Attn. Ron Ammon, Law Clerk, Dayton, Ohio.

## DECISION

BURTON PERLMAN, Bankruptcy Judge.

In this adversary proceeding, plaintiff, former spouse of debtor/defendant, seeks a judgment holding nondischargeable certain debts alleged to be in the nature of alimony. The matter came on for trial after the filing by the parties of Stipulation of Damages and Certain Facts. We set forth the following facts taken from the Stipulation and these will be part of our findings of fact.

The parties were married August 21, 1964 and are the parents of three children. The parties separated in 1982 and on March 24, 1982 signed a Separation Agreement. A Decree of Dissolution was entered in the Common Pleas Court of Shelby County, Ohio May 26, 1982. On that date all three of the children of the marriage were minors, but the oldest turned eighteen on June 18, 1983. The Separation Agreement was incorporated into the Decree of Dissolution. It was provided that child support be paid at the rate of $20.00 per child per week.

The Decree modified the Separation Agreement by mandating a time limit of ten years for the sale of the jointly owned residence occupied by plaintiff and the children, and providing for disposition of proceeds at the sale. At the time of the dissolution the parties owned a residence subject to a mortgage in the approximate amount of $35,000.00, and as to which monthly payments were $275.36. From the date of the Separation Agreement until September 29, 1984 when the residence was sold by the trustee by mutual agreement of the parties to a third party, defendant paid some but not all of the monthly installments of principal and interest on the mortgage. He fell behind in the total amount of $4,543.28. Because defendant filed bankruptcy and did not keep up the monthly mortgage payments, plaintiff was forced to accede to the trustee's demands for sale of the real property. This was at a price considerably lower than that of an earlier appraisal. Plaintiff was forced to leave the

residence in order to obtain a suitable rental property. She remarried on September 29, 1984.

In the Stipulation of Fact the parties set forth their respective contentions with regard to the factors bearing upon the fixing of the amount which defendant ought to pay if judgment is rendered against him. Plaintiff contends that she is entitled to a greater amount because of the forced sale caused by defendant, while defendant contends that the amount should be lower because plaintiff failed to maintain the property properly. The parties in lieu of litigating that amount have agreed to set the damage figure at $4,543.28. The Stipulation also recites that both plaintiff and defendant work for the same employer, and their 1981 incomes were $22,617.00 for defendant and $12,958.00 for plaintiff.

In addition to the foregoing facts, further facts emerged from the testimony of the parties, who were the only witnesses at the trial. Plaintiff testified that she is not now employed. She is unable to work because she suffers from a form of arthritis. Her arthritis is aggravated by stress, and it has been much worse since she was forced to move out of the residential property. Because she could not keep up the payments on that property, she moved out in May of 1984. She moved into rental property, the amenities of which were far inferior to the residential property she was obliged to vacate. Plaintiff's doctor required that she stop working and has advised her that she will not be able to work again. The child support payments fixed in the agreement are not adequate in and of themselves as child support. At the time that they were discussing the terms of their separation, defendant said that he would make the house payments so that the children would have a roof over their heads. Plaintiff's subsequent husband is helping plaintiff with her expenses.

Defendant was not represented by a separate attorney at the time of the separation. Actually, the terms of the agreement between the parties were mostly worked out between them at their home. There were a number of mutual bills, and each of them agreed to pay some. The house payments were one of the bills that defendant agreed to pay. Defendant fell behind on the house payments for a couple of months and when the mortgagee refused to settle the amount due, defendant was obliged to file bankruptcy.

Defendant has remarried. Both he and his wife work. His income is somewhat better than it was in 1982, and his present wife grosses about $200.00 per week. She has three children who live with them.

The question presented to us for resolution is whether the stipulated amount, $4,523.28, the amount which defendant failed to pay on the mortgage on the residence, though he had agreed to make such payments in the Separation Agreement, is dischargeable.

The dischargeability question presented to us brings into play 11 U.S.C. § 523(a)(5) which provides:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a state or any political subdivision of such state); or

(B) such debt includes a liability designated as alimony, maintainance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

\* \* \* \* \* \*

In evaluating the respective rights of the parties in this case the following language from *In Re Zimmer*, 27 B.R. 132, 134 (Bankr.S.D. Ohio W.D.1983), is instructive:.

In this action under § 523(a)(5), plaintiff has the affirmative burden of proving the existence of a debt and that the debt in question is in the nature of alimony, maintenance, or support. In order to carry out that burden in the present circumstances, plaintiff would have to show for instance, that her continued residence in the marital home depended upon the mortgage payments being made and that she had indeed made such mortgage payments. That is, if plaintiff had shown that in the absence of defendant's payments into the fund, she had to advance funds herself in order to remain in occupancy, this might have satisfied the requirement of the statute. It would have shown the existence of a debt, and that the debt was in the nature of alimony because it arose in order to provide a place for her to live. We have defined alimony as 'an allowance for support and maintenance,' and as 'a substitute for marital support.' *In Re Diers*, 7 B.R. 18, 21 (Bankr., S.D. Ohio 1980). Providing shelter for an ex-wife is clearly in the nature of alimony as support and maintenance of the former spouse.

On the present record, however, it is entirely possible that plaintiff remained in possession, was provided a home until the house was sold, notwithstanding that mortgage payments were not made. * * It cannot then be held that plaintiff has proved her case, for there is no evidence, first, of a debt owing plaintiff, which, secondly, had for its purpose the provision of alimony, maintenance or support.

The facts of the case now before us establish that there was no debt owed to plaintiff by this defendant. This does not, however, resolve the present question, because in a case decided in the Sixth Circuit subsequent to our *Zimmer* decision it was held that "payments in the nature of support need not be made directly to the spouse or dependent to be nondischargeable." *In Re Calhoun*, 715 F.2d 1103, 1107 (6th Cir.

1983). Nevertheless, we are unwilling to assess the entire amount stipulated to by the parties for the reason that while that amount is computed for the total number of monthly mortgage payments not paid by defendant until the residence was sold ($275.36 per month from May 1983 to September 1984), plaintiff was not deprived of occupancy of the house for most of that time, for she continued to occupy it until May of 1984. Defendant's failure to make the mortgage payments deprived her of occupancy of the residence only for the months June through September 1984 when the trustee sold the residence, which coincided with the date when plaintiff remarried, thus terminating her right to look to defendant for alimony.

Consistent with the foregoing, we hold that plaintiff is entitled to a determination of nondischargeability for so much of the mortgage payments which became due between June and September 1984, and plaintiff shall have judgment in the amount of $1101.44.