**In re Charles Allen McVAY, Debtor.**

**Sue McVay IVY**

**v.**

**Charles Allen McVAY.**

**Bankruptcy No. S85–30140.
Adv. No. 85–3248.**

**United States Bankruptcy Court,
N.D. Mississippi.**

**Oct. 2, 1985.**

scheduled, unless the creditor had actual knowledge of the proceeding.

Omar D. Craig, Oxford, Miss., for Charles Allen McVay.

Edward D. Lancaster, Law Firm of John P. Fox, Houston, Miss., for Sue McVay Ivy.

### OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

Came on for consideration the complaint to determine the dischargeability of a debt, as well as, a motion seeking relief from the automatic stay, both filed by Sue McVay Ivy, hereinafter referred to as the Plaintiff; answer to said complaint and response to said motion filed by Charles Allen McVay, hereinafter referred to as Debtor; all parties being represented by their respective attorneys of record; by stipulation as to the introduction of certain documentary evidence and on argument of the attorneys; the Court having heard and considered same, finds as follows, to-wit:

#### I.

The Court has jurisdiction of the parties to and the subject matter of these proceedings pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). These proceedings are defined as core proceedings pursuant to 28 U.S.C. § 157(b)(2)(G) and 28 U.S.C. § 157(b)(2)(I).

#### II.

In order to place these proceedings in a proper context, a chronological sequence of the factual events should be considered as follows:

A. On May 4, 1982, the Plaintiff and the Debtor filed a joint bill for divorce in the Chancery Court of the First Judicial District of Chickasaw County, Mississippi, under Cause No. 8643, styled: In Re: Dissolution of Marriage of Sue McVay and Charles A. McVay. Under Paragraph III of the joint bill for divorce, the following language appears:

"The petitioners would represent and show unto the Court that they jointly own five acres of land at Houlka, Mississippi, more particularly described in "Exhibit A" attached hereto and made a part hereof as if fully copied in words and figures, upon which an indebtedness is owed. The parties have agreed that Sue McVay will quitclaim all of her right, title and interest in and to said property to Charles A. McVay and that he will assume all indebtedness owed thereon. That prior to the marriage of the parties Sue Ivy (McVay) owned a residence in Houston, Mississippi, which was conveyed to her by deed recorded in Book 457 at page 303 in the office of the Chancery Clerk of Chickasaw County, Mississippi. Said property is more particularly described as Lot No. 8 in Block

No. 2 of Green Oaks Subdivision of the City of Houston, Mississippi. That Charles A. McVay will convey all of his right, title and interest in and to said property to Sue McVay and she will assume the indebtedness owed thereon to Farmers Home Administration. It is agreed and understood that there is a second indebtedness owed thereon which was incurred at the time of the purchase of the above mentioned Houlka property; that Charles A. McVay will see to the transfer of this particular indebtedness and have it canceled of record to the effect that the Houston, Mississippi property will be free and clear of all indebtedness except that owed to Farmers Home Administration. That all household furniture, furnishings, appliances and accessories contained in the residence of Sue McVay in Houston, Mississippi, shall remain her property."

Significantly, Paragraph IV of the joint bill for divorce provides the following language:

"The petitioners would further represent and show that the parties have agreed that no alimony whatsoever will be paid unto the petitioner, Sue McVay, now or in the future, and that neither party will be charged with the court costs or attorney's fees of the other."

From the various documents introduced, the Court observes that there were no children born to the marriage of the Plaintiff and the Debtor, nor were any expected at the time of the filing of the joint bill for divorce.

B. On May 24, 1983, a final decree of divorce was entered in the Chancery Court of the First Judicial District of Chickasaw County, Mississippi, under Cause No. 8643, by Honorable W.W. Brand, Jr., Chancellor. Pertinent to this proceeding, the final decree of divorce includes the following language:

".... That prior to the marriage of the parties Sue Ivy (one and the same person as Sue McVay) owned a residence in Houston, Mississippi, which was conveyed to her by deed recorded in Book 457 at page 303 in the office of the Chancery Clerk of Chickasaw County, Mississippi. Said property is more particularly described as follows:

Lot No. 8 in Block No. 2 of Green Oaks Subdivision of the City of Houston, Mississippi.

That Charles A. McVay is hereby ordered to convey all of his right, title and interest in and to said property to Sue Ivy and she will assume the indebtedness owed thereon to Farmers Home Administration. That the said Charles A. McVay will have canceled of record a second indebtedness on said property to the effect that the Houston, Mississippi property will be free and clear of all indebtedness except that owed to Farmers Home Administration. That all household furniture, furnishings, appliances and accessories contained in the residence of Sue McVay in Houston, Mississippi shall remain her property."

C. On June 4, 1985, the Plaintiff filed a petition for citation for contempt against the Debtor in the Chancery Court of the First Judicial District of Chickasaw County, Mississippi, alleging essentially that the Debtor had failed to satisfy or cancel the indebtedness, discussed in paragraphs A. and B. hereinabove, which was secured by the real property now owned exclusively by the Plaintiff.

D. On July 22, 1985, the Debtor filed his voluntary Chapter 7 bankruptcy petition in this Court; and thereafter, on July 29, 1985, an order and notice of the meeting of creditors, as well as, the notice of the provisions of the automatic stay were entered.

E. On August 13, 1985, without regard to the applicability of the automatic stay provisions found in 11 U.S.C. § 362(a), the Plaintiff sought and obtained a decree by default against the Debtor in the Chancery Court of the First Judicial District of Chickasaw County, Mississippi, awarding her a judgment in the sum of $2946.69, as "alimony", plus attorney's fees in the sum of $500.00, said decree is referred to hereinafter as contempt judgment. Additional-

ly, the Debtor was found in civil contempt of the Chancery Court and was granted a period of thirty (30) days to fully satisfy the indebtedness, secured by the deed of trust encumbering the Plaintiff's residence. Coincidentially, on August 14, 1985, the Plaintiff filed her motion seeking relief from the aforesaid automatic stay so that she could be permitted to enforce the aforesaid judgment for "alimony" and attorney's fees. A combined preliminary and final hearing was set for the consideration of this motion on September 10, 1985, at 11:00 a.m.

F. On September 3, 1985, the Plaintiff filed a complaint against the Debtor alleging that the aforementioned judgment, including the attorney's fees, obtained as a result of the petition to cite for contempt, was non-dischargeable pursuant to 11 U.S.C. § 523(a)(5), in that the debt constituted alimony for the support and maintenance of the Plaintiff. Additionally, the Plaintiff alleged that the remaining balance of this indebtedness, which is apparently owed to the Bank of Mississippi, is the sum of $13,983.05, and because it also constitutes alimony, that it should be a non-dischargeable obligation as it accrues at the rate of $171.57, per month. The parties all agreed that the matters raised in the complaint could be consolidated for hearing with the matters raised in the motion seeking relief from the automatic stay in that both of the proceedings were directly related to the other. The factual evidence was presented to the Court through the introduction by stipulation of the pleadings and the decrees found in the official record of the divorce proceedings conducted in the Chancery Court of the First Judicial District of Chickasaw County, Mississippi.

G. The Court notes that the Debtor has filed a motion to set aside the decree, awarding the judgment for alimony and attorney's fees pursuant to the petition to cite for contempt, alleging that said decree was entered erroneously and in violation of the automatic stay as provided in 11 U.S.C. § 362(a). Although a hearing was scheduled on this motion for September 19, 1985, this Court is unaware as to whether said hearing was conducted or whether any decision was rendered concerning the requested relief.

### III.

11 U.S.C. § 523(a)(5), provides as follows:

(a) A discharge under section 727, 1141, or 1328(b) of this title [11 USCS § 724, 1141, or 1328(b)] does not discharge an individual debtor from any debt—

> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record or property settlement agreement, but not to the extent that—
>
> (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act [42 USCS § 602(a)(26)], or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or
>
> (B) such debt includes a liability designated as alimony, maintenance, or support, *unless such liability is actually in the nature of alimony, maintenance, or support;* (emphasis added)

To correctly decide this proceeding, the Court must determine whether the provision appearing in the final decree of divorce requiring the Debtor to cancel of record the subordinate indebtedness on the real property being conveyed to the Plaintiff was, in effect, a liability actually in the nature of alimony, maintenance, or support, or whether this provision was merely a division of the parties' properties and liabilities. Clearly, the decree entered as a result of the petition to cite for contempt, labels this indebtedness as "alimony". However, this decree was entered in the Debtor's absence; and as it applies to this particular indebtedness, the first reference to alimony appears. The Debtor's absence at the contempt hearing could very well be

explained through the comments of his attorney that he was relying on the protection of the automatic stay to prevent the continuation of any additional proceedings in the Chancery Court of the First Judicial District of Chickasaw County, Mississippi. There also apparently was some concern on the part of the Plaintiff relative to the automatic stay inasmuch as her motion seeking relief from the stay was filed one day subsequent to the entry of the contempt judgment. Considering the language appearing in the pleadings and the decrees, there is good reason to anticipate whether the automatic stay was, in fact, activated by the bankruptcy filing.

■ The language found in the joint bill for divorce and the final decree of divorce are consistent, i.e., that the Debtor was ordered to convey his interest in the real property to the Plaintiff and that he would have canceled of record a subordinate lien encumbering said property. Whether or not this provision amounts to a liability actually in the nature of alimony, etc., the Court must again examine the language appearing in the joint bill for divorce, i.e., "The petitioners would further represent and show that the parties have agreed that no alimony whatsoever will be paid to the petitioner, Sue McVay, now or in the future, . . . ." Regardless of the use of the word "alimony" in the contempt judgment, which was executed and entered without the participation of the Debtor, this Court finds that the very genesis of all these proceedings, i.e., the joint bill for divorce, is dispositive of the issue. As such, the Court finds that the provision relating to the cancellation of the indebtedness still encumbering the Plaintiff's residence is not in the nature of alimony, and therefore, is dischargeable in this bankruptcy proceeding.

In support of the aforementioned conclusion, the Court has reviewed the case styled *In Re: Bedingfield,* 42 B.R. 641 (D.C.S.D.Ga.—1983), wherein the following quotations appear:

"... It is a well established principle of bankruptcy law that dischargeability must be determined by the substance of the liability rather than its form...."

"The point is that bankruptcy courts are not bound by state law where it defines an item as alimony, maintenance or support, as they are not bound to accept the characterization of an award as support or maintenance which is contained in the decree itself. *In Re Lineberry* [9 B.R. 700] at 704 [W.D.Mo.1981]. See also *In Re Tilmon,* 9 B.R. 979, 987 (N.D.Ill. 1981). Before making a determination of whether a debt is actually in the nature of support, however, most bankruptcy courts do take into consideration such factors as the intention of the parties in creating the obligation, the language and substance of the divorce agreement, extrinsic circumstances and applicable state law. See *Matter of Crist,* 632 F.2d 1226, 1229 (5th Cir.1980)."

"Appellee's assumption of the second mortgage on the home was considered a division of property and dischargeable in bankruptcy. For many of the same reasons set forth in the previous paragraphs, the Court affirms. An additional indication that this assumption is a property division is the location of the provision creating the obligation in the divorce agreement. See *In Re Maitlen* [658 F.2d 466] at 469, [7th Cir.1981]. It is contained in the paragraph in which title to the home is transferred to appellant. This paragraph is part of the asset division portion of the agreement."

*In Re: Bedingfield,* 42 B.R. 641 at 645, 646, and 649.

In addition, the Court has considered *Matter of Wesley,* 36 B.R. 526 (Bkrtcy.S.D. Ohio—1983), wherein the following quote appears:

"Assuming that a debt exists, the Court must then decide "whether the state court or the parties to the divorce *intended* to create an obligation to provide" for alimony, maintenance or support. *In re Calhoun,* 715 F.2d 1103 at 1109 (6th Cir.1983); *In re Diers,* 7 B.R. 18 (Bkrtcy.S.D.Ohio 1980). In making this decision, the substance of the obli-

gation and the circumstances under which it was created must prevail over the labels which the Court or the parties have put upon it. *In re Calhoun,* supra at 1109; *In re Gentile,* 16 B.R. 381, 383 (Bkrtcy.S.D.Ohio 1982)." (emphasis in original)

*Matter of Wesley,* 36 B.R. 526 at 529.

See also *Matter of Seta,* 45 B.R. 8 (Bkrtcy.S.D.Ohio—1984).

 The Court therefore finds that the motion seeking relief from the automatic stay, as well as, the complaint seeking the denial of the dischargeability of this indebtedness, are not well taken and are hereby overruled.

An Order will be entered consistent with this Opinion.