In re David Winston
**MALLISK, Debtor.**

**Patricia L. MALLISK, Plaintiff,**

v.

**David W. MALLISK, Defendant.**

**Bankruptcy Nos. 85–0241, 85–00689.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

May 13, 1986.

L. Mari Taoka, Toledo, Ohio, for plaintiff.

Edwin Bracken, Toledo, Ohio, for defendant.

## MEMORANDUM OPINION
## AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Complaint To Determine Dischargeability in the above entitled adversary action. The Court conducted a Pre-Trial in this case, at which the parties agreed that the issues addressed in the Complaint are primarily issues of law. They also agreed that the Court may enter a ruling in this case based solely upon the written arguments of counsel. The parties have filed such arguments and have had the opportunity to respond to the arguments made by opposing counsel. The Court has reviewed those arguments as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that the debt is dischargeable.

## FACTS

The facts in this case are not in dispute. The Plaintiff in this case is the former spouse of the Defendant-Debtor. The parties were married on or about April 20, 1963. At some time during the year 1972, the parties purchased a house which was used as their marital residence. The purchase price was approximately Sixteen Thousand Five Hundred and no/100 Dollars ($16,500.00). It appears that the parties owned the property as tenants by the entireties. However, the parties were subsequently divorced by an Order of the Lake County Court of Common Pleas, Domestic Relations Division dated March 12, 1982. That decree incorporated a separation agreement which was entered into by the parties. This agreement made certain provisions with respect to the real estate in question. Specifically, the agreement provided that the Plaintiff would release all ownership interests in the real estate to the Debtor, and that the Debtor would be the sole owner of the house. It also provided that the Debtor would assume all responsibility for the outstanding obligations against the home, and hold the Plaintiff harmless from such obligations.

In addition to other issues, the agreement also addressed the question of alimony and support between the parties. As set forth in the agreement, the Debtor agreed to pay to the Plaintiff the sum of Fifty Thousand Nine Hundred and no/100 Dollars ($50,900.00) over a period of ten years and six months. The payments would be payable in monthly installments of Four Hundred and no/100 Dollars ($400.00) per month. Liability for these payments was not terminated upon either the death or remarriage of the Plaintiff. The agreement also provided in pertinent part:

> "Husband and wife agree that their intent is that the payments specified in Paragraph A above [the $400.00 per month] shall be deductible to husband and taxable income to wife for all tax purposes, whether federal, state or local
> ..."

Although the intent of the parties at the time of the divorce is unclear, it appears they contemplated that the Debtor would attempt to sell the house shortly after the divorce was finalized. It also appears the parties anticipated that the house would sell for approximately Eighty Thousand

and no/100 Dollars ($80,000.00). An appraisal estimated the fair market value of the house at Sixty Thousand and no/100 Dollars ($60,000.00). While the date of sale is unclear, the house sold for approximately Forty-five Thousand and no/100 Dollars ($45,000.00). At the time of sale, there existed against the real estate liens totalling approximately Thirty-one Thousand and no/100 Dollars ($31,000.00). After the costs and expenses of sale, it appears that the Debtor realized approximately Thirteen Thousand and no/100 Dollars ($13,000.00) from the sale. It does not appear that any of the proceeds were applied to the Debtor's obligation to the Plaintiff.

In May 1983, the parties appeared before the Lake County Court in regards to a Motion filed by the Debtor to modify the terms of the divorce decree. In that Motion, the Debtor sought to modify the characterization of the obligation from alimony, maintenance, and support to a property settlement. The reasons for the filing of this Motion are unclear. However, the Court refused to grant the proposed modification, indicating that since the parties had voluntarily agreed to characterize the debt as alimony, it could not find sufficient grounds upon which to allow the amendment. The Court also held as void a promissory note and mortgage that had been executed by the Debtor to the Plaintiff subsequent to the entry of the divorce decree. The Court indicated that such instruments were unnecessary, inasmuch as the obligations represented by those instruments were already imposed by the order of divorce.

The Debtor filed his voluntary Chapter 7 petition with this Court on May 9, 1985. In the schedules filed with that petition, the Debtor listed the obligation to his former spouse in the amount of Thirty-five Thousand Five Hundred Seventy-six and no/100 Dollars ($35,576.00). This debt is listed as an unsecured obligation. The Debtor listed no creditors with priority and no creditors with security. It should be noted that the Debtor's unsecured obligations total Thirty-seven Thousand One Hundred Seventy-two and no/100 Dollars ($37,172.00).

In response to the filing of the Debtor's petition, the Plaintiff filed the above entitled adversary proceeding. In this action, she alleges that the obligation owed to her by the Debtor under the divorce decree constitutes alimony, maintenance, and support, and that such an obligation is not dischargeable in bankruptcy. The Debtor summarily opposes the Complaint, contending that the characterization of the debt, as set forth in the divorce decree, does not accurately represent the nature of the obligation. He also contends that the obligation is in the nature of a property settlement, and that it should be discharged.

## LAW

The provisions of 11 U.S.C. Section 523(a)(5) state in pertinent part:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support ...

Under these provisions, any obligation for alimony, maintenance, or support is not dischargeable. However, in order to be nondischargeable, a debt must actually be in the nature of alimony, maintenance and support. Any debt which actually constitutes a property settlement between the parties will be discharged. *Smotherman v. Smotherman (In re Smotherman)*, 30 B.R. 568 (Bkcy.N.D.Ohio 1983). In making the determination as to the character of such obligations, the Bankruptcy Court need not accept as determinative the provisions of a divorce decree which establish certain obligations as alimony, maintenance

and support. *Conrad v. Conrad (In re Conrad)*, 33 B.R. 601 (Bkcy.N.D.Ohio 1983). Rather, the Court may look behind the designations of a decree to determine the nature of the obligation. *Singer v. Singer (In re Singer)*, 18 B.R. 782 (Bkcy.S. D.Ohio 1982). The substance of the obligation and the circumstances under which it was created must prevail over the labels that have been put upon it. *Wesley v. Wesley (Matter of Wesley)*, 36 B.R. 526 (Bkcy.S.D.Ohio 1983).

In the present case, it has been established that at the time of the divorce, the Plaintiff released her interest in the real estate. At the time that release was given, the parties had contemplated a certain value for the real estate. The provisions for alimony required the Debtor to pay to the Plaintiff approximately sixty percent (60%) of the amount they expected to receive from a subsequent sale, exclusive of any liens. While it is unclear as to the amounts and value of other property retained by each party, it may reasonably be inferred that the provision for periodic payments was actually intended to compensate the Plaintiff for the release of her interest in the real estate. This inference is supported by the fact that the Debtor was made solely responsible for the outstanding obligation on the house, and was required to hold the Plaintiff harmless for on the debt. It is also supported by the fact that the periodic payments are fixed in both time and amount, and are not made contingent or terminable upon the death or remarriage of the Plaintiff. Such provisions are commonly included in alimony awards, inasmuch as they are consistent with the principle that the former spouse is entitled to be supported until the support is no longer required. Where, as in the present case, the contingency of the payments is not a part of the alimony award, there is an indicia that payments may not actually be in the nature of alimony, maintenance, and support.

In addition to the foregoing facts, it also appears that the inclusion of the payments under the guise of alimony was an attempt to establish the relationship between the parties for tax purposes. As previously indicated, the payments that were to be made by the Debtor were to be deductible from his income as alimony payments, and taxable to the Plaintiff as income. However, by attempting to modify the decree to recharacterize the nature of the obligation, the Debtor put in jeopardy a provision which otherwise worked to his pecuniary advantage. This attempt, though unsuccessful, places into serious question the actual nature of the periodic payments.

In view of this question and in light of the other facts which surround the creation of the obligation, it must be concluded that the Four Hundred and no/100 Dollars ($400.00) per month payments set forth in the divorce decree were actually intended by the parties to compensate the Plaintiff for the release of her interest in the real estate. The amount of the obligation, the terms under which it was imposed, and the attempt to adjust the tax relationship are all consistent with the type of adjustment the parties would have made in return of the release of the Plaintiff's interests in the house. As a result of this conclusion, it must also be concluded that the obligation to make those payments, as set forth in the divorce decree, is actually a settlement of the property rights between the parties, and is, therefore, dischargeable.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that Judgment be, and is hereby, entered for the Defendant.

It is FURTHER ORDERED that the debt to the Plaintiff be, and is hereby, held dischargeable.